**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Dana M. Cimera
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIUS BAXTER and ABDUL YAKUB, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>-against-<br><br>PLANNED LIFESTYLE SERVICES, INC.,<br><br>Defendant. | No. 22 Civ. 8222<br><br><br><br><br>CLASS ACTION COMPLAINT |

\

Julius Baxter and Abdul Yakub ("Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover underpayment caused by untimely wage payments and other damages for Plaintiffs and similarly situated manual positions such as doorpersons and concierges (collectively, "Manual Workers") who work or have worked for Planned Lifestyle Services, Inc. ("Planned Companies" or "Defendant") in New York State.

2. At all relevant times, Defendant has compensated Plaintiffs and all other Manual Workers in New York on a bi-weekly basis.

3. Despite being manual workers, Defendant has failed to properly pay Plaintiffs and other Manual Workers in New York their wages within seven calendar days after the end of the

1

week in which these wages were earned.

4.  In this regard, Defendant has failed to provide timely wages to Plaintiffs and all other similarly situated Manual Workers in New York.

5.  Manual Workers as contemplated by NYLL § 191 are "dependent upon their wages for sustenance." *See People v. Vetri*, 309 N.Y. 401, 405 (1955)

6.  As such, the failure to provide wages owed to Plaintiffs and all other similarly situated Manual Workers, according to NYLL § 191 constitutes an "especially acute injury." *See Caul v. Petco Animal Supplies, Inc.*, No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sep. 27, 2021) (citing *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 1146 (N.Y. 1st Dept. 2019).

7.  Plaintiffs bring this action on behalf of himself and all other similarly situated Manual Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, §§ 190 *et seq.* ("NYLL").

## THE PARTIES

**Plaintiffs**

### Julius Baxter

8.  Julius Baxter ("Baxter") is an adult individual who is a resident of New York.

9.  Baxter was employed by Planned Companies as a Manual Worker from in or around November 2017 through approximately March 2021 in Manhattan.

10. Baxter is a covered employee within the meaning of the NYLL.

### Abdul Yakub

11. Abdul Yakub ("Yakub") is an adult individual who is a resident of New York.

12. Yakub was employed by Planned Companies as a Manual Worker from in or around

November 2021 through approximately March 2022 in Manhattan.

13. Yakub is a covered employee within the meaning of the NYLL.

**Defendant**

**Planned Lifestyle Services, Inc.**

14. Planned Lifestyle Services, Inc. is a foreign business corporation organized and existing under the laws of New Jersey.

15. Planned Lifestyle Services, Inc.'s principal executive office is located at 150 Smith Road, 2nd Floor, Parsippany, New Jersey 07054.

16. Planned Lifestyle Services, Inc. was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiffs and similarly situated employees.

17. Planned Lifestyle Services, Inc. has maintained control, oversight, and direction over Plaintiffs and similar employees, including timekeeping, payroll, and other employment practices that applied to them.

18. Planned Lifestyle Services, Inc. applies the same employment policies, practices, and procedures to all Manual Workers in its operation, including policies, practices, and procedures with respect to payment of wages.

## JURISDICTION AND VENUE

19. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs, and Plaintiffs and the members of the proposed class are citizens of states different from that of Defendant.

20. There are over 100 members in the proposed class.

21. Defendant is subject to personal jurisdiction in New York.

22. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conduct business in this District.

## NEW YORK CLASS ACTION ALLEGATIONS

23. Plaintiffs bring the First Cause of Action, an NYLL claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked as Manual Workers for Planned Lifestyle Services, Inc. between February 11, 2016[1] and the date of final judgment in this matter (the "New York Class").

24. The members of the New York Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

25. There are more than fifty members of the New York Class.

26. Plaintiffs' claims are typical of those claims that could be alleged by any member of the New York Class, and the relief sought is typical of the relief which would be sought by each member of the New York Class in separate actions.

27. Plaintiffs and the New York Class have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected everyone in the New York Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the New York Class.

---

[1] This class period is due to Governor Cuomo's Executive Order that tolled the applicable NYLL statute of limitations during the COVID-19 pandemic for 228 days. *See Brash v. Richards*, 195 A.D. 3d 582, 2021 WL 2213786, 2021 N.Y. Slip Op. 03436 (App. Div. 2d Dep't June 2, 2021) (holding executive order tolled rather than suspended statutes of limitations under New York law).

28. Plaintiffs are able to fairly and adequately protect the interests of the New York Class and has no interests antagonistic to the New York Class.

29. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

30. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

31. Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting Plaintiffs and/or each member of the New York Class individually and include, but are not limited to, the following: whether Defendant correctly compensated Plaintiffs and the New York Class on a timely basis.

## PLAINTIFFS' FACTUAL ALLEGATIONS

32. Consistent with their policies and patterns or practices as described herein, Defendant harmed Plaintiffs, individually, as follows:

**Julius Baxter**

33. Baxter was employed for Planned Companies as a doorman/concierge from approximately November 2017 until approximately March 2021.

34. During Baxter's employment, over twenty-five percent of Baxter's duties were physical tasks, including but not limited to moving, stacking and lifting boxes and standing for

long periods of time.

35. Despite regularly spending more than twenty-five percent of his shift performing these physical tasks, Baxter has been compensated by Defendant on a bi-weekly basis.

36. As a result of Defendant's untimely wage payments, Baxter was underpaid for the first seven days of each bi-weekly pay period, and thus Defendant paid Baxter on an untimely basis.

37. For example, for the period beginning on October 7, 2018 through October 20, 2018, Baxter was paid his lawfully earned wages on October 26, 2018.

38. In this regard, Defendant failed to pay Baxter his wages earned from October 7, 2018 through October 13, 2018 by October 20, 2018 as required by NYLL § 191(1)(a).

39. As a result of Defendant's untimely wage payments, Baxter was underpaid for the period of October 7, 2018 to October 13, 2018, and for every corresponding period where Defendant paid Baxter on an untimely basis.

40. Moreover, Baxter was denied the time-value of his money by Defendant's underpayments. Baxter was unable to invest, save, or purchase utilizing the wages he earned and was owed by October 20, 2018, and all other similarly underpaid workweeks.

41. Baxter was similarly underpaid for every workweek that he was paid his lawfully earned wages after more than seven days within the time he completed his work.

**Abdul Yakub**

42. Yakub was employed for Planned Companies as a doorman/concierge from approximately November 2021 until approximately March 2022.

43. During Yakub's employment, over twenty-five percent of Yakub's duties were physical tasks, including but not limited to moving, stacking and lifting boxes and standing for

6

long periods of time.

44. Despite regularly spending more than twenty-five percent of his shift performing these physical tasks, Yakub has been compensated by Defendant on a bi-weekly basis.

45. As a result of Defendant's untimely wage payments, Yakub was underpaid for the first seven days of each bi-weekly pay period, and thus Defendant paid Baxter on an untimely basis.

46. Moreover, Yakub was denied the time-value of his money by Defendant's underpayments. Yakub was unable to invest, save, or purchase utilizing the wages he earned and was owed but paid late.

47. Yakub was similarly underpaid for every workweek that he was paid his lawfully earned wages after more than seven days within the time he completed his work.

### FIRST CAUSE OF ACTION
### New York Labor Law – Failure to Pay Timely Wages
### (Brought on behalf of Plaintiffs and the New York Class)

48. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

49. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiffs and the New York Class.

50. Defendant failed to pay Plaintiffs and the New York Class on a timely basis as required by NYLL § 191(1)(a), which resulted in Plaintiffs and the New York Class being underpaid.

51. Due to Defendant's violations of the NYLL, Plaintiffs and the New York Class are entitled to recover from Defendant the amount of the underpayments caused by their untimely wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and

post-judgment interest as provided for by NYLL § 198.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A.  Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.  Designation of Plaintiffs as representatives of the New York Rule 23 Class and counsel of record as Class Counsel;

C.  Liquidated damages permitted by law pursuant to the NYLL.

D.  Prejudgment and post-judgment interest;

E.  Reasonable attorneys' fees and costs of the action; and

F.  Such other relief as this Court shall deem just and proper.

Dated: New York, New York
September 26, 2022

Respectfully submitted,

 /s/ Brian S. Schaffer
Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Dana M. Cimera
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

*Attorneys for Plaintiffs and
the Putative Class*